**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EDWARD S. SCOTT, | Civil Action No. 12-0782 (JBS) |
| Petitioner, |  |
|  | **OPINION** |
| v. |  |
| DONNA ZICKEFOOSE, |  |
| Respondent. |  |

**SIMANDLE, Chief Judge:**

Petitioner Edward S. Scott ("Petitioner") confined at the F.C.I. Fort Dix in Fort Dix, New Jersey, filed the within Petition seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2241(c)(3), and challenging the decision of the Bureau of Prisons ("BOP") denying his request for transfer to a facility closer to his home. For the reasons detailed below, the Petition will be dismissed for lack of habeas jurisdiction.

Petitioner asserts that the BOP erred in applying its Program Statement 5100.08 by denying his aforesaid request.[1] See

---

[1] Congress has delegated to the Attorney General, and the BOP, the authority to determine an inmate's appropriate classification and place of confinement. See, e.g., 18 U.S.C. § 3621; 28 C.F.R. § 0.96; BOP Program Statement 5100.08 ("Inmate Security Designation and Custody Classification"). Section 3621 provides, in relevant part, that "[t]he Bureau of Prisons shall designate the place of the prisoners's imprisonment . . . considering (1) the resources of the facility contemplated; (2) the nature and circumstances of the [inmate's] offense; (3) the history and characteristics of the prisoner . . . . The Bureau may at any time, having regard for the same matters, direct the

Docket Entry No. 1, at 11 (indicating that Petitioner's request was denied by the BOP on the basis of his history of escape and violence, and the fact that Petitioner's release into community is not forthcoming for seven and a half years).[2]  Petitioner, therefore, seeks this Court's "order [directing] the BOP [to] immediately approve the transfer of Petitioner to a camp facility nearest his home."  Id. at 12.

Section 2241 of Title 28 of the United States Code provides, in relevant part, that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  Here, Petitioner failed to assert claims qualifying him for habeas relief.

Federal law provides two avenues of relief to prisoners: a petition for habeas corpus and a civil rights complaint.  See Muhammad v. Close, 540 U.S. 749, 750 (2004).  "Challenges to the validity of any confinement or to particulars affecting its

---

transfer of a prisoner from one penal or correctional facility to another."  18 U.S.C. § 3621(b).  The BOP designates a prisoner to a given institution based on the level of security and supervision the inmate requires, the level of security and supervision the institution is able to afford, and the inmate's program needs. See BOP Program Statement 5100.08, ch. 1, at 1 (available at <<http://www.bop.gov/policy/progstat/5100_008.pdf>>).

[2]  Petitioner's projected release date is October 28, 2019. See <<http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=11318-031&x=85&y=14>>.

duration are the province of habeas corpus . . . [while] requests for relief turning on circumstances of confinement [fall within the realm of] a § 1983 action."[3] Id.

The Court of Appeals for the Third Circuit explained the distinction between the availability of civil rights remedies and the availability of habeas relief as follows:

> [W]henever the challenge ultimately attacks the "core of habeas" - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002); accord Jamieson v. Robinson, 641 F.2d 138, 141 (3d Cir. 1981) (petitioner's challenges were improperly raised in a habeas petition because the relief he sought "would not serve to diminish the length of his incarceration" but merely "alter the conditions of his confinement").

Therefore, a habeas petition is the proper mechanism only if the inmate seeks to challenge the "fact or duration" of his

---

[3] As § 1983 action applies only to state actions, it is not available to federal prisoners; the federal counterpart is an action under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), alleging deprivation of a constitutional right. See Brown v. Philip Morris, Inc., 250 F.3d 789, 801 (3d Cir. 2001) ("A Bivens action . . . is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law").

confinement. See Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973). For instance, a habeas petition can be utilized to raise challenges to a disciplinary proceeding that resulted in loss of good-conduct time credits, see Muhammad v. Close, 540 U.S. 749, and Edwards v. Balisok, 520 U.S. 641 (1997); accord Wilkinson v. Dotson, 544 U.S. 74 (2005), or to the BOP's calculation of the length of inmate's sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where an inmate seeks a "quantum change" in the type of his custody, for example, where the inmate claims that he is entitled to release on probation or bond, or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991); accord Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) (defining transfer from a formal correctional facility to a community correctional center as a matter falling within the scope of habeas review).[4]

---

[4] In Wiidall, the Court of Appeals explained that the BOP's decision regarding an inmate's placement in a community correctional center ("CCC") fell within the scope of habeas review because there were many distinctions between a traditional correctional facility and a CCC that impacted the execution of the inmate's sentence, since CCCs, unlike prisons, provided for inmates' eligibility to short-term releases for daily work in the community, overnight or weekend passes, and longer furloughs: the benefits resembling those available to individuals released on parole or probation and not existing in the setting of traditional correctional facilities. See Woodall, 432 F.3d at 243.

Conversely, transfers between different correctional facilities, regardless of their geographical location or security levels, cannot affect the fact or the length of an inmate's incarceration.  Correspondingly, challenges to such transfers (or to denials of such transfers) cannot be entertained in a habeas action.  See Ganim v. Federal Bureau of Prisons, 235 F. App'x 882, 884 (3d Cir. 2007) (an inmate's challenge to the BOP's refusal to transfer him from F.C.I. Fort Dix to a facility located closer to his home was not cognizable under § 2241, and the district court erred by dismissing such challenges on merits rather than for lack of § 2241 jurisdiction); accord Bronson v. Demming, 56 F. App'x 551, 553-54 (3d Cir. 2002) (affirming lack-of-jurisdiction dismissal of an inmate's challenges to his confinement in a restricted housing unit); see also Casanova v. Schultz, 2010 U.S. Dist. LEXIS 18774 (D.N.J. Mar. 2, 2010) (dismissing habeas petition for lack of jurisdiction because the inmate's challenges to his transfer and custody level classification did not affect the fact or duration of his confinement); Forman v. Bureau of Prisons, 2010 U.S. Dist. LEXIS 102267 (D.N.J. Sept. 27, 2010) (same); Wilson v. Zickefoose, 2010 U.S. Dist. LEXIS 134326 (D.N.J. Dec. 20, 2010) (dismissing habeas petition for lack of jurisdiction where an inmate challenged the BOP's application of a Sex Offender Public Safety Factor to his security classification, since such classification could not affect the fact or duration of the inmate's confinement).

Therefore, the Petition will be dismissed for lack of habeas jurisdiction, without prejudice to raising Petitioner's claims in a duly commenced Bivens action.[5]

An appropriate Order accompanies this Opinion.


 s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief Judge
United States District Court

Dated: **April 11, 2012**

---

[5] To the degree Petitioner wished to assert that the BOP's denial of his request for re-classification deprived him of liberty without due process, in violation of the Fifth Amendment, his claims appear without merit. See, e.g., Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest arises from Due Process Clause itself in transfer from low-to-maximum-security prison because confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not . . . subject an inmate's treatment by prison authorities to judicial oversight"); accord Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976) (prison classification is a matter delegated by Congress to the "full discretion" of federal prison officials under 18 U.S.C. § 4081; thus, challenges to an inmate's classification implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Wesson v. Atlantic County Jail Facility, 2008 U.S. Dist. LEXIS 97475 (D.N.J. Nov. 26, 2008) (an inmate has no liberty interest in a particular custody level or place of confinement) (relying on Sandin v. Conner, 515 U.S. 472, 484-86 (1995)).  However, no statement made in this Opinion shall be construed as disposing of Petitioner's claims other than his habeas challenges.